UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANGELA HOLLINS                                        **FIRST AMENDED**
                    Plaintiff,                        **COMPLAINT AND**
                                                                  **JURY DEMAND**
                                                                  **14-CV-6519(WFK)(MDG)**

           -against-

THE CITY OF NEW YORK,
POLICE OFFICER FEIT WALTER Shield No. 31577,
POLICE OFFICER  FAVIO QUIZHPI Shield No. 8682,
POLICE OFFICER MICHAEL HANSEN Shield No. 8736,
POLICE OFFICER  PHU TRAN Shield No. 16392,
POLICE OFFICERS JOHN DOE NUMBER 1 and 2 in their
individual and official capacities as employees
of the City of New York Police Department
                                               Defendants.
------------------------------------------------------------------------X

       The Plaintiff, ANGELA HOLLINS, by her attorney, Amy Rameau Esq., alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

       1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York and against the Police Officer mentioned above, police officers of the City of New York, in their individual and official capacities.  Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

**JURISDICTION**

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

**VENUE**

3. Under 28 U.S.C. § 1391(a), (b), (c), venue is proper in the Eastern District of New York.

**PARTIES**

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NEW YORK CITY POLICE DEPARTMENT.

8. At all relevant times defendants FEIT WALTER, FAZIO QUIZHPI, MICHAEL HANSEN, PHU TRAN and JOHN DOE 1 through 10 were police

officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants JOHN DOE 1 through 10.

9. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

10. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK through its agency the NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

**FACTUAL ALLEGATIONS**

11. Plaintiff is a 26 years old African American female who is 5 feet 3 inches tall and weighs about 115 pounds. On May 13, 2014, plaintiff called 911 about a family dispute involving her brother and father. Four officers, including Feit, Walter, Hansen and Tran, responded to plaintiff's home. After the officers arrived, plaintiff continued her attempts to defuse the situation by telling her brother to calm down and leave. A heavy set, white police officer told plaintiff to "shut the fuck up". Plaintiff continued her attempts to diffuse the situation. At that time, one of the officers said to the others, "Get her". At that time, all four male officers charged at plaintiff. Plaintiff was very much afraid and took off running.

12. Four defendant male officers chased plaintiff briefly. One officer, who appears to be of Indian heritage, caught up with plaintiff and put plaintiff in a head lock. The other officers shoved plaintiff to ground and began punching and kicking plaintiff. The officers tore plaintiff's clothing and shoved her face into the concrete causing plaintiff to sustain lacerations and bruises. Defendants twisted plaintiff's wrist and cuffed plaintiff very tightly causing plaintiff's wrists to swell. Plaintiff was in pain. Plaintiff was taken away by defendant officers while bleeding. Plaintiff requested medical attention at the scene and was denied medical attention.

13. Plaintiff sustained physical and psychological injury.

14. Prior to this incident, plaintiff took the exam to join the NYPD. After this ruthless assault, plaintiff has had to reconsider and change the course of her entire life. These defendants behaved in a deplorable manner assaulting such a small woman unjustifiably.

15. Plaintiff was taken to the precinct where plaintiff asked for medical attention and was again denied medical attention yet again.

16. Defendant employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

17. At no time did plaintiff assault or attempt to assault any officer, nor did she present a threat or perceived threat to the personal safety of any officer so as to warrant the repeated application of blows. Plaintiff did not provoke her beating nor did she conduct herself in any manner that would warrant any use of force, much less the excessive force actually used. Defendant officers acted sadistically and maliciously

and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

19. All of the above was done in violation of state and federal law.

19. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff sustained damages as indicated herein. The conduct of the defendant officers in assaulting the plaintiff and denying her medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

20. On or about May 14, 2013, plaintiff was arraigned in the Kings County Criminal Court. All charges against plaintiff were false and were later dismissed.

21. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries including several bruises, laceration, loss of liberty, and psychological injury and suffering. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with her for the remainder of her life.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983/Eight, Fourth and Fourteenth Amendments**
**(Against All Individual Defendants)**

21. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

22. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or failing to provide necessary medical care, or causing an unlawful seizure without due process, the Individual Defendants deprived

plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eight, Fourth and Fourteenth Amendments to the United States Constitution to be free from gratuitous and excessive force and unlawful seizure and detention.

23.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

**SECOND CLAIM FOR RELIEF**

**EXCESSIVE USE OF FORCE**
**42 U.S.C. § 1983**

24.     The plaintiff incorporates by reference the allegations set forth above as if fully set forth herein.

25.     The conduct and actions of defendants acting under color of law and under their authority as a New York City police officers, in deliberately punching and kicking the plaintiff, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

26.     As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C. § 1983/Fourteenth Amendment**
**(Against Defendant City)**

27. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

28. Defendant City, through the NYPD, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of brutality and retaliation by police officers at the time of plaintiff's beating. This widespread tolerance of officer abuse of prisoners constituted a municipal policy, practice, or custom and led to plaintiff's assault.

29. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which plaintiff was subjected to a brutal beating and untimely medical care, defendant City has deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed under the Fourteenth Amendment to be free from gratuitous and excessive force.

30. As a direct and proximate result of the policy, practice, and custom detailed above, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

DATED:   May 26, 2015
Brooklyn, New York

                                    /ss/
Amy Rameau
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 887-5536
Fax: 718.887.5536

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ANGELA HOLLINS
                 Plaintiff,                         COMPLAINT AND
                                                    JURY DEMAND

        -against-

THE CITY OF NEW YORK,
POLICE OFFICER FEIT WALTER Shield No. 31577,
POLICE OFFICER  FAVIO QUIZHPI Shield No. 8682,
POLICE OFFICERS JOHN DOE NUMBER 1 THROUGH
2 in their individual and official capacities as employees
of the City of New York Police Department
                                 Defendants.
---------------------------------------------------------------------------X
```

        Amy Rameau
        16 Court Street, Suite 2504
        Brooklyn, New York 11241
        (718) 887-5536
        Fax: 78.887.5536