UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ANGELA HOLLINS,

                      Plaintiff,

     -against-

THE CITY OF NEW YORK, Police Officer FEIT WALTER, Shield No. 31577, Police Officer FAVIO QUIZHPI, Shield No. 8682, Police Officer MICHAEL HANSEN, Shield No. 8736, Police Officer PHU TRAN, Shield No. 16392, Police Officer JOHN DOE NUMBER 1 and 2 in their individual and official capacities as employees of the City of New York,

                      Defendants.[1]

-------------------------------------------------------------------X

**JOINT PRE-TRIAL ORDER**

**14-CV-6519 (WFK)(MDG)**

---

[1] As reflected in paragraph 1 of this Joint Pre-Trial Order and at Civil Docket Entry No. 29, all claims against the City of New York and John Does 1 and 2 have been withdrawn, with prejudice.

1. **The full caption of the case (reflecting stipulations of the parties) is as stated below:**

ANGELA HOLLINS,

                        Plaintiff,

          -against-

Police Officer WALTER FEIT, Shield No. 31577, Police Officer FAVIO QUIZHPI, Shield No. 8682, Police Officer MICHAEL HANSEN, Shield No. 8736, Police Officer PHU TRAN, Shield No. 16392,

                        Defendants.

2. **Parties and Counsel**

    Plaintiff's Trial Counsel
    Amy Rameau, Esq.
    Afsaan Saleem, Esq.

    The Rameau Law Firm
    16 Court Street
    Suite 2504
    Brooklyn, NY 11241
    Tel: (718) 852-4759
    Fax: (718) 875-5440
    amywmrameau@hotmail.com
    saleemlawny@gmail.com
    rameaulawny@gmail.com

    Defendants' Trial Counsel
    Zachary W. Carter
    Corporation Counsel of the City of New York
    New York City Law Department
    100 Church Street
    New York, NY 10007
    *Attorneys for The City of New York, Police Officer Walter Feit, Police Officer Favio Quizhpi, Police Officer Michael Hansen, & Police Officer Phu Tran*
    By: Alexandra Corsi, Senior Counsel[2]
    Tel: (212) 356-2340
    Fax: (212) 356-3509
    acorsi@law.nyc.gov

---

[2] Another Assistant Corporation Counsel will be assigned to try this case once a trial date is set.

3. **Jurisdiction**

This Court has subject matter jurisdiction on the basis that the lawsuit presents a federal question, namely plaintiff's rights under 42 U.S.C. 1983, the Constitution and the 4th, and 14th Amendments.

4.    a. Plaintiff's claims to be tried: :

      1. Pursuant to 42 U.S.C. 1983, federal excessive force, false arrest, malicious prosecution and denial of constitutional right to fair trial against all individually named defendants.

   b. Plaintiff's claims that were voluntarily withdrawn, with prejudice, and are not to be tried include:
1. General Section 1983;
2. Malicious Abuse of Process;
3. City of New York liability under Monell;

   c. Defendants' defenses to be tried are as follows:

1. Defendants are entitled to judgment as a matter of law.
2. There was reasonable suspicion for any stop of plaintiff.
3. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.
4. Any injury alleged to have been sustained resulted from the plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.
5. There was probable cause for plaintiff's arrest, detention, and prosecution.
6. Defendants Feit, Quizhpi, Hansen, and Tran have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.
7. Plaintiff cannot establish any fabrication entitling her to relief for a denial of a fair trial, and to the extent that claim is based on testimonial evidence, the individual defendants are entitled to absolute immunity.  In that regard, plaintiff's denial of fair

trial claim should not proceed to trial as this claim fails as a matter of law. A person suffers a constitutional violation if an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result. Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012) (citations omitted). Plaintiff simply alleges that "all charges against [her] were false" as the basis of her fair trial claim. That assertion fails regardless of whether the information is testimonial or information provided in an arrest report, complaint report or the like. If testimonial, the defendants are entitled to absolute immunity. See Id. ("the only avenue by which the testimony could reach the jury was through [the officer's] testimony, for which he enjoys absolute immunity under Briscoe v. LaHue, 460 U.S. 325, 335-336 (1983) and Rehberg v. Paulk, 132 S. Ct. 1497, 1505 (2012)"). If Plaintiff's alleged "false charges" is in regard to an anything the defendant officers told the ADA, that too would fail. See Jones v. City of New York, 12-CV-3658 (JG), 2013 U.S. Dist. LEXIS 162235, at *29 (E.D.N.Y. Nov. 14, 2013) (alleged false statement that plaintiff was identified in a show-up made by an officer to an ADA is not actionable because, as inadmissible hearsay, it would never get before a jury in a criminal case). Moreover, to the extent it is something contained in a police report or complaint report, that too would fail because these documents are not admissible evidence at a criminal trial and therefore, could not influence a jury's decision. Cf. Hope v. City of New York, CV-08-5022 (BMC), 2010 U.S. Dist. LEXIS 145684, at *12 (E.D.N.Y. Jan. 22, 2010) ("the statement in the police report, even if intentionally falsified, could not in and of itself have violated plaintiff's constitutional rights.") (citation omitted). These principals were recently applied to dismiss a fair trial claim in Horvath v. City of New York, Docket No. 12 CV 6005 (RJD)(MDG), 2015 U.S. Dist. LEXIS 51029, at *15-17 (E.D.N.Y. Apr. 17, 2015). Accordingly, this claim should not proceed to trial and should be dismissed with prejudice.

5. The case is to be tried before a jury. The parties anticipate 2-3 days for trial.

6. All parties do not consent to trial of the case by a Magistrate Judge.

7. **Stipulations**: None

8. **Witnesses** (all testimony will be in person, assuming the witness is available at the time of trial):

   Plaintiff's Witness List (IN CHIEF)
   1. Angela Hollins; will testify about the incident and any medical treatment;
   2. Police Officer WALTER FEIT; will testify about the incident and any medical treatment;
   3. Police Officer FAVIO QUIZHPI; will testify about the incident and any medical treatment;
   4. Police Officer MICHAEL HANSEN; will testify about the incident;
   5. Police Officer PHU TRAN; will testify about the incident;
   6. Witness from the NYPD Communications Division who can interpret the SPRINT reports;
   7. Hazel Buenavista*, MD, Woodhull Medical and Mental Health Center; will testify about her observations and treatment of plaintiff as documented by medical records;
   8. ADA Screener Patricia Brooks, Kings County District Attorney's Office; will testify to what Officer Feit told her;
   9. Sandra Craig; plaintiff's aunt will testify to her observations;

   *Defendants object to plaintiff calling Hazel Buenavista, M.D., on the grounds that this witness was not previously identified by plaintiff pursuant to Fed. R. Civ. P. 26 or in response to any discovery demand.
   Plaintiff states that Dr. Buenavista was included as the attending physician in the Woodhull Hospital medical records that were provided to defendants on November 18, 2015. Accordingly, defendants are not prejudiced by her inclusion.

   Defendants' Witness List[3]

   1. Police Officer Walter Feit
   2. Police Officer Favio Quizhpi
   3. Police Officer Michael Hansen
   4. Police Officer Phu Tran

9. Deposition testimony to be offered in case in chief: None

---

[3] Defendants reserve the right to call any witnesses listed by plaintiff and to supplement the witness list based on any *in limine* rulings or to rebut evidence adduced in plaintiff's case in chief or for impeachment.

10. A list of Exhibits to be offered in Plaintiff's case in chief:

Plaintiff's Exhibits

| Exhibit No. | Bates No. | Doc Name/Type | Use | Objection and Basis |
|---|---|---|---|---|
| 1 | DEF 1 | Certificate of Disposition | Case in Chief | F.R.E. 402, 403, 802 |
| 2 | DEF 82-83 | Criminal Court Complaint | Case in Chief | F.R.E. 402, 403, 802 |
| 3 | DEF 13 | Complaint Room Screening Sheet | Case in Chief | F.R.E. 402, 403, 802 |
| 4 | DEF 65-67 | Omniform System-Complaints | Case in Chief | F.R.E. 402, 403, 802 |
| 5 | DEF 16 | Aided Report | Case in Chief | F.R.E. 402, 403, 802 |
| 6 | DEF 68-70 | Omniform System-Arrests | Case in Chief | F.R.E. 402, 403, 802 |
| 7 | DEF 20 | Mugshot Pedigree | Case in Chief | F.R.E. 402, 403, 802 |
| 8 | DEF 72-73 | Online Booking System Arrest Worksheet | Case in Chief | F.R.E. 402, 403, 802 |
| 9 | DEF 22-24 | SPRINT Report | Case in Chief | F.R.E. 402, 403, 802, 901 |
| 10 | DEF 92-94 | Memo Book of P.O. **Quizhpi** | Case in Chief | F.R.E. 402, 403, 802 |
| 11 | DEF 29 | Supporting Depositon of P.O. Quizhpi | Case in Chief | F.R.E. 402, 403, 802 |
| 12 | DEF 32-43 | Woodhull Medical Records of Plaintiff | Case in Chief | F.R.E. 402, 403, 802 |
| 13 | DEF 44-46 | Color Photos of P.O. Quizhpi | Case in Chief | |
| 14 | DEF 89-91 | Memo Book of P.O. **Feit** | Case in Chief | F.R.E. 402, 403, 802 |
| 15 | DEF 53- | Wyckoff Medical Records of P.O. Quizhpi | Case in Chief | F.R.E. 402, 403, 802, 901 |
| 16 | DEF 62-64 | Memo Book of P.O. **Tran** | Case in Chief | F.R.E. 402, 403, 802 |
| 17 | DEF 54-56 | Memo Book of P.O **Hansen** | Case in Chief | F.R.E. 402, 403, 802 |
| 18 | DEF 74-77 | Complaint Report Worksheet | Case in Chief | F.R.E. 402, 403, 802 |

| | | | | |
|---|---|---|---|---|
| 19 | DEF 78 | Prisoner Movement Slip | Case in Chief | F.R.E. 402, 403, 802 |
| 20 | DEF 79-80 | Prisoner Arraignment Sheet | Case in Chief | F.R.E. 402, 403, 802 |
| 21 | DEF 84-85 | Property Clerk's Invoice-cordless phone | Case in Chief | |
| 22 | DEF 86-87 | Property Clerk's Invoice-photographs | Case in Chief | |
| 23 | D 100 | CCRB History for Quizhpi | Impeachment | F.R.E. 402, 403, improper impeachment |
| 24 | D 101-103 | IAB History for Quizhpi | Impeachment | F.R.E. 402, 403, improper impeachment |
| 25 | D 105 | CPI for Quizhpi | Impeachment | F.R.E. 402, 403, improper impeachment |
| 26 | D 106 | CCRB for Feit | Impeachment | F.R.E. 402, 403, improper impeachment |
| 27 | D 96-97 | IAB Resume for Tran | Impeachment | F.R.E. 402, 403, improper impeachment |
| 28 | D 107-108 | IAB Resume for Feit | Impeachment | F.R.E. 402, 403, improper impeachment |
| 29 | P12-P25 | Photos of Plaintiff | Case in Chief | F.R.E. 402, 403 |
| 30 | P26-P27 | Pre-Arrignment Screening Correctional Health Services | Case in Chief | F.R.E. 402, 403, 802, 901 |
| 31 | P28 | Radio Run Calls | Case in Chief | F.R.E. 402, 403 |
| 32 | P29 | 911 Call | Case in Chief | F.R.E. 402, 403 |
| 33 | P30 | 911 Call | Case in Chief | F.R.E. 402, 403 |
| 34 | P31 | 911 Call | Case in Chief | F.R.E. 402, 403 |
| 35 | P32 | 911 Call | Case in Chief | F.R.E. 402, 403 |
| 36 | P33 | 911 Call | Case in Chief | F.R.E. 402, 403 |
| 37 | | Deposition Testimony of Officer Quizhpi | Impeachment | |
| 38 | | Deposition Testimony of Officer Feit | Impeachment | |
| 39 | | Deposition Testimony of Officer Hansen | Impeachment | |
| 40 | | Deposition Testimony of Officer Tran | Impeachment | |

**Defendants' Exhibits**[4]

| Exhibit No. | Bates No. | Doc Name/Type | Use | Objection and Basis |
|---|---|---|---|---|
| A | DEF 44 – DEF 46 | Color photos of Officer Quizhpi | Defendants' case | |
| B | P 29 – P 33 | 911 Calls | Defendants' case and/or impeachment | |
| C | D 084 – D 087 | NYPD Property Clerk Invoices | Defendants' case | |
| D | Not yet obtained | Certified copy of PO Quizhpi's Wycoff medical records | Defendants' case | Reserve right to object subject to receipt |
| E | D 111 – D 134 | Plaintiff's rap sheets | Impeachment | F.R.E. 403, 404, improper impeachment |
| F | D 135 – D 187 | Plaintiff's arrest history | Impeachment | F.R.E. 403, 404, improper impeachment |
| G | | Plaintiff's 11/5/15 & 7/20/16 Deposition Transcripts | Impeachment | |
| H | | Civil Complaint/Amended Complaint / Second Amended Complaint, 14 CV 6519 | Impeachment | F.R.E. 403, improper impeachment |
| I | | Plaintiff's Responses to Defendants' Discovery Demands, 14 CV 6519 | Impeachment | F.R.E. 403, improper impeachment |

---

[4] Defendants respectfully reserve the right to supplement this list of exhibits based on any *in limine* rulings or to rebut evidence adduced in plaintiff's case in chief or for impeachment purposes. Defendants further respectfully reserve the right to use any exhibits listed by plaintiff herein.

| J | | Deposition transcripts from plaintiff's prior lawsuits | Impeachment | F.R.E. 403, improper impeachment |

Dated:   Brooklyn, New York

November 18, 2016

*/s/ Afsaan Saleem*
Afsaan Saleem, Esq.

The Rameau Law Firm
Attorney for Plaintiff
16 Court Street, Suite 2504
Brooklyn, New York 11241
(718) 852-4759
saleemlawny@gmail.com
rameaulawny@gmail.com

*/s/ Alexandra Corsi*
Alexandra Corsi, Esq.
Senior Counsel

Zachary A. Carter
Corporation Counsel of the
City of New York
Special Federal Litigation Division
100 Church Street
New York, NY 10007
(212) 356-2340
acorsi@law.nyc.gov

SO ORDERED:

_____
HON. WILLIAM F. KUNTZ, U.S.D.J.